IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MOHAMMAD NAWAZ RAJA, ) <br> ) <br>     Appellant, ) <br> ) <br>     v. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, *et al.*, ) <br> ) <br>     Appellees. ) <br> _____ ) | Civil Action No. 1:24-cv-740 (RDA/WBP) <br> Adv. Proc. No. 23-ap-1059 (KHK) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Motions to Dismiss by Appellees Deutsche Bank National Trust Company and PHH Mortgage Corporation (the "Deutsche Bank Appellees") (Dkt. 7), Southern Walk at Broadlands ("Southern Walk") (Dkt. 11), Eric W. Foz and Rees Broom PC (the "Broom Appellees") (Dkt. 20), and LOGS Legal Group, LLP, Bryce Lee Robertson, Gregory N. Britto, Randa Azzam, and William M. Savage (the "LOGS Appellees") (Dkt. 36) as well as on appeal by Appellant Mohammad Nawaz Raja, *pro se*. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motions together with Southern Walk's Brief in Support (Dkt. 12), Appellant's Opposition Briefs (Dkt. Nos. 23, 25, 41), Appellees' Reply Briefs (Dkt. Nos. 27, 28, 37 ), Appellant's Brief (Dkt. 33), Southern Walk's Appellee Brief (Dkt. 34), the LOGS Appellees' Brief (Dkt. 38), the Broom Appellees' Brief (Dkt. 39), the Deutsche Bank Appellees' Brief (Dkt. 40), and Appellant's Reply Briefs (Dkt. Nos. 37, 42, 43, 44), this Court GRANTS the Motions and DISMISSES the Appeal for the reasons that follow.

I.  BACKGROUND

Litigation between these and related parties first began in December 2008, when Appellant filed a voluntary Chapter 7 bankruptcy petition. *In the Matter of Mohammad Nawaz Raja*, No. 08-18049 (Bankr. E.D. Va.). The filing of the bankruptcy petition triggered an automatic stay of foreclosure. On April 6, 2009, Appellant received a discharge in his bankruptcy case, resulting in a lifting of the automatic stay. *Id.* at Dkt. 29. The Bankruptcy Court gave the then-creditor IndyMac Federal Bank, FSB relief from the stay of foreclosure. *Id.* at Dkt. Nos. 35, 42. Appellant then appealed to this District where former U.S. District Judge Liam O'Grady affirmed the Bankruptcy Court. *See Raja v. IndyMacFederal Bank, FSB*, No. 09-cv-654 (E.D. Va.), Dkt. 15, filed November 6, 2009. Appellant subsequently appealed the matter to the Fourth Circuit, which affirmed the District Court by unpublished opinion. *See In re Raja*, 403 F. App'x 867 (4th Cir. Dec. 3, 2010) (*per curiam*).

On April 27, 2009, the Rajas sued in the Circuit Court for Loudoun County naming as defendants some of the same parties at issue here. *See Raja v. Deutsche Bank Nat'l Trust, et al.*, Case No. CL00055523-00 (Va. Cir.). That action again stalled foreclosure proceedings and, ultimately, after several rulings sustaining the demurrers brought by defendants to that action, plaintiffs non-suited that case. *See Raja v. Merscorp, Inc.*, 2015 10937406, at *2-*3 (E.D. Va. Aug. 17, 2015) (recounting history of Appellant's litigation). In the final order entered in that matter on February 4, 2013, the Circuit Court dismissed several counts with prejudice and dissolved the injunction against the foreclosure sale. *Id.*

On October 2, 2013, Appellant's wife, Neelum Nawaz Raja, filed her own petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. *See In the Matter of Neelum Nawaz Raja*, No. 13-14502 (Bankr. E.D. Va.). That same day, she filed an adversary complaint against

2

various defendants. *See Raja v. Merscorp, Inc., et al.*, No. 13-1273 (Bankr. E.D. Va.). On December 4, 2013, the Bankruptcy Court dismissed the adversary proceeding upon motion of the defendants for lack of standing. *Id.* at Dkt. 72. The adversary proceeding was subsequently closed. *See id.* In the bankruptcy proceeding, Mrs. Raja received a discharge on April 1, 2014, and that case was subsequently closed. *See In the Matter of Neelum Nawaz Raja*, No. 13-14502 (Bankr. E.D. Va.), Dkt. 44.

On August 2, 2013, the Rajas filed a complaint in this District asserting claims arising out of the attempted foreclosure. *See Raja, et al. v. Merscorp, Inc., et al.*, No. 13-cv-944 (E.D. Va.). On June 17, 2014, Judge O'Grady dismissed the complaint without prejudice, indicating that the complaint was "in many respects identical to the 110 page adversary complaint [] filed in bankruptcy court." *Id.* at Dkt. 108. The Rajas appealed the dismissal order, and the Fourth Circuit affirmed on November 20, 2014. *See Raja v. Merscorp, Inc.*, 585 F. App'x 201 (4th Cir. Nov. 20, 2014).

On December 10, 2014, the Rajas filed a second action in this District. *See Raja v. Merscorp, Inc.*, 2015 WL 10937406 (E.D. Va. Aug. 17, 2015). In that action, Judge O'Grady dismissed the action first without prejudice, *id.*, and later with prejudice, *Raja v. Merscorp, Inc.*, 2016 WL 8938518 (E.D. Va. May 11, 2016). The Rajas appealed and the Fourth Circuit affirmed. *See Raja v. Merscorp, Inc.*, 672 F. App'x 250 (4th Cir. Dec. 22, 2016). The Rajas then petitioned for *certiorari*, which the Supreme Cour denied. *Raja v. Merscorp, Inc.*, 581 U.S. 973 (2017).

At the same time that Judge O'Grady was considering whether the Rajas' complaint should be dismissed with prejudice, the Rajas filed another action raising similar claims against similar parties in the U.S. District Court for the District of Columbia. *See Raja, et al. v. FDIC, et al.*, No. 16-cv-511 (D.D.C.). Motions to dismiss were filed in that action which remain pending.

On May 22, 2023, Appellant filed for bankruptcy again, this time under Chapter 13 of the Bankruptcy Code, in the Eastern District of Virginia Bankruptcy Court. *See In the Matter of Mohammad Nawaz Raja*, No. 23-10853 (Bankr. E.D. Va.). On June 13, 2023, Appellant filed his Chapter 13 Plan. *See id.* at Dkt. 26. The Trustee and Appellant's creditors subsequently objected to the proposed plan and the Trustee moved to dismiss the bankruptcy case. *See id.* Dkt. Nos. 31, 33, 34, 35 (objecting to the Plan); *id.* at Dkt. 32 (seeking to dismiss the bankruptcy case for failure to make plan payments); *id.* at Dkt. 59 (amended motion to dismiss seeking to dismiss the bankruptcy case for lack of good faith, unreasonable delay, and for exceeding the statutory debt limit).

While the Trustee's motion to dismiss remained pending, Appellant sought to litigate the validity of the claims filed by the Appellees. *See id.* at Dkt. Nos. 63, 69, 95, 96. The Bankruptcy Court dismissed Appellant's objections and directed Appellant to file adversary proceedings. *See id.* at Dkt. Nos. 92, 120, 121, 125. On October 10, 2023, Appellant filed an adversary proceeding.

Thereafter, Appellant filed an Amended Chapter 13 Plan, to which the Trustee and Appellees again objected. *See id.* at Dkt. Nos. 113, 123, 124, 135. The Trustee noted that Appellant had already received two Chapter 7 discharges in bankruptcy and asserted that Appellant was not proceeding in good faith and that the only apparent purpose of the bankruptcy filing was to litigate with Appellant's mortgage company and homeowner's association. *See id.* at Dkt. 135. The Bankruptcy Court then continued the hearing on the objections to the Amended Plan. Dkt. 144.

Appellant styled his adversary proceeding as being filed "to determine the validity of a lien" and as "an action objecting to Proof of Claim." *Raja v. Deutsche Bank Nat'l Trust Co., et*

4

*al.*, No. 23-ap-1059 (Bankr. E.D. Va.), Dkt. 1, filed October 10, 2023. Appellees, who were defendants in the adversary proceeding, filed motions to dismiss the adversary proceeding. *See id.* at Dkt. Nos. 9, 11, 17, 39. With respect to each motion to dismiss, except for the LOGS Appellees, Appellees filed a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), advising Appellant with respect to his rights and Appellant filed an opposition to those motions. *See id.* Dkt. Nos. 10, 13, 18 (providing *Roseboro* notice); *see also id.* at Dkt. Nos. 22, 34-36, 55 (responding to motions to dismiss).[1] A hearing on the motions to dismiss was held on February 20, 2024. *See id.* at Dkt. Nos. 70-72. On April 10, 2024, the Bankruptcy Court granted the motions to dismiss and dismissed all of Appellant's claims in the adversary proceeding with prejudice. *Id.* at Dkt. 77.[2] In its Memorandum Opinion, the Bankruptcy Court found that Appellant's complaint was "difficult to parse" and failed to comply with Rule 8; nonetheless, the Bankruptcy Court engaged in an analysis of each of Appellant's claims and found that they failed to state a claim. *See id.* The Court also entered judgment in favor of the defendants in the adversary proceeding. *See id.* at Dkt. 78.

On April 11, 2024, the Bankruptcy Court held a hearing on the bankruptcy proceeding, to consider the Trustee's and creditors' objections as well as the Trustee's motion to dismiss. *See In the Matter of Mohammad Nawaz Raja*, No. 23-10853 (Bankr. E.D. Va.), Dkt. 164. During that hearing, the Bankruptcy Court permitted Claims 1-3 and 5-1, which were the subject of the Adversary Proceeding and specifically noted:

---

[1] Indeed, for the one motion to dismiss that failed to contain a *Roseboro* notice, Appellant called out that failure. *See id.* at Dkt. 43 (titled "Plaintiff's Motion that Defendants Failed to Serve Their Motion to Dismiss and Give the Roseboro Notice to Pro Se Plaintiff").

[2] The Bankruptcy Court's Memorandum Opinion was also filed in *this* proceeding as Docket Entry 7-10.

5

> I find that the mortgage is valid and that it stands. I've already allowed the proof of claim. . . .
>
> The bottom line is you want to live in a property that you will not pay for. And I have ruled for very specific reasons why this Court is not going to allow that . . . if you did not prevail in that adversary proceeding, there is no way you can afford to do what you must do under the Code which is bring your mortgage current within the next five years. As Mr. Gorman stated, it would take 14,000 dollars a month. And you clearly, clearly cannot afford that. For that reason, I find that allowing this case to continue is futile. And for that reason, I'm going to dismiss it today.

*See id.* at Dkt. 174. On April 25, 2024, the Bankruptcy Court entered an order denying confirmation of the Amended Plan and dismissing the Chapter 13 case because "Debtor does not have the financial means or wherewithal to propose a feasible Chapter 13 Plan." *Id.* at Dkt. 169. The Order of Dismissal notified Appellant that he had "14 days from the date of entry of this Order to appeal by filing a Notice of Appeal with the Clerk of the Bankruptcy Court." *Id.* No notice of appeal was filed.

Appellant filed a single notice of appeal and paid a single filing fee in the adversary proceeding. The Notice of Appeal provides:

> Mohammad nawaz [sic] Raja ("Debtor" or "Plaintiff" or "Appellant") and appeals [sic], to the United States District Court for the Eastern District of Virginia Alexandria Division from the Honorable Klinnette H. Kindred's April 10, 2024, order, entered on Docket [sic] on the same day in case No. 23-ap-01059-KHK, and orders announced from the Bench on April 11, 2024 and not yet signed and or entered on the Docket of the Bk. Case No. 23-10853-KHK

*Raja v. Deutsche Bank Nat'l Trust Co., et al.*, No. 23-ap-1059 (Bankr. E.D. Va.), Dkt. 81, filed October 10, 2023. The same Notice of Appeal indicates that Appellant has mailed the document to "opposing counsels of defendants and the chapter [sic] 13 trustee," followed by a list of attorneys receiving service. *Id.* Neither the document itself nor the certificate of service identifies which parties are intended to be the appellees. Additionally, the Notice of Appeal only attached the Memorandum Opinion and Judgment from the adversary proceeding, as no order had yet been entered in the bankruptcy proceeding at the time that the Notice of Appeal was filed. *Id.*

6

On April 24, 2024, the Notice of Appeal was filed in this Court. Dkt. 1. On June 5, 2024, the Deutsche Bank Appellees filed their Motion. Dkt. 7. On June 7, 2024, Southern Walk filed its Motion. Dkt. 11. On June 12, 2024, a briefing schedule for the appeal issued. Dkt. 18. On June 13, 2024, the Broom Appellees filed their Motion. Dkt. 20. On June 13 and 18, 2024, Appellant filed his Oppositions to the Motions. Dkt. Nos. 23, 25. On June 20, 2024, the Deutsche Bank Appellees filed their Reply. Dkt. 27. On June 21, 2024, the Broom Appellees filed their Reply. Dkt. 28. On July 2, 2024, Appellant filed his Appellant's Brief. Dkt. 33. On July 26, 2024, Southern Walk filed its brief. Dkt. 34. On August 1, 2024, the LOGS Appellees filed their Motion to Dismiss and the remaining Appellees filed their Appellee briefs. Dkt. Nos. 36, 38, 39, 40. Also, on August 1, 2024, Appellant filed his reply to Southern Walk. Dkt. 37. On August 7, 2024, Appellant filed his Opposition to the LOGS Appellees' Motion and his remaining Reply Briefs on the appeal. Dkt. Nos. 41, 42, 43, 44.

In each of the Motions to Dismiss filed by Appellees, Appellees provided notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) and Appellant filed an opposition to each Motion.

After the Deutsche Bank Appellees filed their Motion to Dismiss in this case, Appellant amended his Notice of Appeal in the adversary proceeding to specifically name the Appellees, including parties that were only part of the bankruptcy proceeding. *See Raja v. Deutsche Bank Nat'l Trust Co., et al.*, No. 23-ap-1059 (Bankr. E.D. Va.), Dkt. 100, filed on June 11, 2024.

## II.  STANDARD OF REVIEW

The Federal Rules of Bankruptcy Procedure govern notices of appeal arising from bankruptcy cases. Rule 8003 provides "[a]n appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the

7

bankruptcy clerk within the time allowed by Rule 8002." Bankr. R. 8003(a)(1).  The failure to file a timely notice of appeal deprives the district court of jurisdiction to hear an appeal.  *Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1111 (4th Cir. 1986) (failure to file notice of appeal robbed district court of jurisdiction to hear appeal from bankruptcy matter); Bankr. R. 8003(a)(2).  A notice of appeal must: (i) substantially conform to the appropriate Official Form; (ii) be accompanied by the judgment or the appealable order from which the appeal is taken; and (iii) be accompanied by the prescribed fee.  Bankr. R. 8003(a)(3).  The Official Form provides for an appellant to specify the identity of the other parties to the appeal.[3]

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal."  *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citation omitted).  Decisions committed to the bankruptcy court's discretion are reviewed for abuse of discretion.  *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).  Courts recognize that the application of local rules "lies firmly within the discretion" of the lower court.  *Marathon Res. Mgmt. Grp., LLC v. C. Cornell, Inc.*, Civ. Action No. 3:19cv89, 2020 WL 6370987, at *4 (E.D. Va. Oct. 29, 2020); *see also Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 842 n.2 (9th Cir. 1994) (noting that district courts have "broad discretion to interpret their local rules").

## III. ANALYSIS

Before turning to the issues on appeal raised by Appellant, the Court must first address the motions to dismiss which question this Court's jurisdiction.  Each of the Appellees has filed a

---

[3] Official Form 417A, *available at* https://www.uscourts.gov/forms/appellate-forms/notice-appeal-and-statement-election (last visited November 12, 2024).

motion to dismiss the appeal arguing that this Court lacks jurisdiction to hear the appeal. Appellees argue, first, that there is no jurisdiction generally because the Notice of Appeal failed to conform to the Official Form or with the Bankruptcy Rules. Second, Appellees argue that this Court lacks jurisdiction over any issue pertaining to the bankruptcy proceeding, because no notice of appeal was filed in the underlying bankruptcy. Because the Court will grant the Motions to Dismiss, the Court does not reach the merits of the bankruptcy appeal.[4]

Before addressing the substantive arguments raised by Appellees, however, the Court must address Appellant's argument that Appellees failed to comply with *Roseboro*. To begin with, the Court notes that Appellees provided Appellant with a *Roseboro* notice with each Motion to Dismiss. *See* Dkt. Nos. 7; 11; 20; 36. Since that time, the Fourth Circuit has issued a decision which casts doubt on whether E.D. Va. Local Rule 7(K) complies with *Roseboro*. *See Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024) (reserving the "question of whether EDVA's local rule complies with *Roseboro* for another case in which that issue is properly preserved"). In *Milla*, the Fourth Circuit suggested that the Court is required to issue the *Roseboro* notice, rather than a party. *See id.*

Here, Appellant appears not to have been prejudiced by the fact that the *Roseboro* notice was issued by a party rather than the Court and has responded to the motions to dismiss. Dkt. Nos. 23, 25, 41. Moreover, although Appellant does argue that the *Roseboro* notices that he received were inadequate, Appellant does not challenge the notices on the basis that they were issued by the parties rather than the Court. *See, e.g.*, Dkt. 23 at 2 (asserting that Appellees' *Roseboro* notice

---

[4] Even assuming *arguendo* that the Court could properly reach the merits of the underlying appeal, the Court notes that the opening brief – like the pleadings in the adversary proceeding – are difficult to parse and confusing, making it difficult to discern the precise substance and scope of the issues on appeal. Dkt. 33.

was improper because it included a deadline of seven days). Thus, any argument with respect to the Court not issuing the *Roseboro* notice is waived, because Appellant has not raised it and, in any event, would result only in harmless error because Appellant did respond. *See Milla*, 109 F.4th at 234 (holding that, because "Milla failed to raise this *Roseboro* issue," it was "forfeited").

Appellant argues that Appellees failed to provide proper notice pursuant to *Roseboro* because the Deutsche Bank Appellees indicated that Appellant had seven days to respond to the Motion and Southern Walk indicated that Appellant had twenty days to respond to the Motion. Dkt. 23 at 2. The Deutsche Bank Appellees assert that they provided the correct deadline because, pursuant to Federal Rule of Bankruptcy Procedure 8013, the deadline to respond to a motion arising out of a bankruptcy appeal is seven days. Dkt. 27 at 7. Rule 8013 provides that, "[u]nless the district court . . . orders otherwise, any party to the appeal may file a response to the motion within 7 days after service of the motion . . . ." As an initial matter, the Court notes that *Roseboro* is a summary judgment rule. *See, e.g.*, *United States v. Swann*, 21 F. App'x 138 (4th Cir. 2001) ("*Roseboro* prohibits the entry of summary judgment based on a pro se party's failure to submit affidavits supporting his allegations unless such party is given a reasonable opportunity to file counter-affidavits or other appropriate materials and is informed that failure to file such a response may result in dismissal of the action."). Nonetheless, the Local Rules require a *Roseboro* notice with respect to any potentially dispositive motion and the Court finds that the Appellees substantially complied with the Local Rules here. Moreover, any failure to comply with the strictures of *Roseboro* or the Local Rules is harmless, where Appellant was able to and did respond to each of the motions to dismiss. *See Petros v. Sanitation Dep't*, 993 F.2d 1538, 1993 WL 174158, at *1 n* (4th Cir. May 25, 1993) (noting that the failure to issue a *Roseboro* notice was harmless where the plaintiff responded to the motion); *Brooks v. Mahon*, 33 F.3d 51, 1994 WL 416403, at

*1 n.* (4th Cir. Aug. 10, 1994) (noting that the failure to issue a *Roseboro* notice was harmless because "Appellant actually responded"). Accordingly, Appellant's *Roseboro* argument is not a basis to deny the motions to dismiss.[5]

Turning to the arguments raised in the motions to dismiss, Appellees first argue that the Notice of Appeal is insufficient to confer appellate jurisdiction with this Court because it fails to conform substantially to the Official Form and fails to identify the appellees. Here, the deficiencies in the Notice of Appeal highlight the potential for confusion that the Fourth Circuit recognized when addressing a similar scenario in *In re United Refuse LLC*, 171 F. App'x 426 (4th Cir. 2006). In that case, the Appellants failed to identify themselves as parties taking the appeal. *Id.* The Fourth Circuit held that, even applying a "liberalized pleading standard," it was "hard pressed to conclude, by any stretch of the imagination, that the Lehners specified themselves as appellants." *Id.* at 432. Indeed, the Fourth Circuit highlighted a Seventh Circuit decision that noted the specific need for particularity in bankruptcy proceedings, because "[a] bankruptcy will often spawn multiple subproceedings. . . . Many parties will be bystanders to a particular adversary proceeding, or other subproceedings, that has given rise to the appeal. It is therefore important that the notice name the appellees." *Id.* (quoting *Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 921 (7th Cir. 2004)). Although judges within this District have noted circumstances where such inartful drafting might be forgivable, those circumstances are not present here. *See, e.g.*, *Smith v. Porter*, 416 B.R. 264, 268 (E.D. Va. 2009) (holding that a failing to identify the parties in the notice of appeal from

---

[5] To the extent that Appellant's appeal asserts the same deficiency, that is, that Appellees failed to comply with *Roseboro* in the adversary proceeding, the same rationale discussed here would apply. Thus, even assuming *arguendo* that the Court could properly reach the merits of the underlying appeal, on this issue the Court would find that any failure to strictly comply with *Roseboro* in the adversary proceeding was harmless error and that the Bankruptcy Court's findings in its memorandum opinion were not an abuse of discretion.

11

the bankruptcy proceeding did not justify dismissal where "there can be no doubt which matters the Trustee intended to appeal from and against which appellee (as there could only be one)").

Here, there is the same "potential for confusion" that concerned the Fourth Circuit in *United Refuse* because: (i) the Notice of Appeal purports to apply to the adversary proceeding and the bankruptcy proceeding despite only one Notice being filed and one filing fee being paid; (ii) there are defendants to the adversary proceeding who are not parties to the bankruptcy proceeding and *vice versa*; and (iii) the order on the motion to dismiss the bankruptcy proceeding had not yet issued and therefore was not attached to the Notice of Appeal. *See id.* Indeed, the potential for confusion is best reflected by the fact that Appellant purports to appeal the grant of the Trustee's motion to dismiss the bankruptcy proceeding; yet, the Trustee has not appeared in this matter, likely due to the fact that the Notice of Appeal was unclear and was only filed in the adversary proceeding to which the Trustee was not a party. Appellant attempts to avoid this conclusion by pointing to his untimely amendment of his Notice of Appeal in the adversary proceeding. *See* Dkt. 23. But again, although Appellant purports to be appealing the dismissal of both the adversary and the bankruptcy appeal, the only Notice of Appeal filed, and thus the only notice to be amended, was in the adversary proceeding. Appellant has never filed any notice of appeal in the underlying bankruptcy proceeding, even an untimely one. Accordingly, the motions to dismiss will be granted and the appeal dismissed because the Notice of Appeal failed to name the appellees and therefore failed to give effective notice sufficient to convey appellate jurisdiction on this Court. *See United Refuse*, 171 F. App'x at 433 (affirming dismissal for lack of subject matter jurisdiction); *cf. Wall Guy, Inc. v. FDIC*, 95 F.4th 862, 873-74 (4th Cir. 2024) (dismissing

appeal for lack of subject matter jurisdiction where the purported notice of appeal "provided mixed signals" as to what the plaintiffs were appealing).[6]

Appellees also argue that, because Appellant did not separately appeal from the bankruptcy proceeding, there is no appellate jurisdiction over any issues arising from that proceeding and that any overlapping issues must be dismissed as moot. Dkt. 7 at 11. Courts of appeals routinely recognize that a "main bankruptcy case and adversary proceeding must be treated as distinct for the purposes of appeal." *In re Dietrich*, 490 F. App'x 802, 804 (6th Cir. 2012). Thus, district courts refuse to treat notices of appeal filed in an adversary proceeding as notices with respect to the underlying bankruptcy proceeding.[7] Here, there was one Notice of Appeal – filed in the adversary proceeding – and one filing fee paid. *See Raja v. Deutsche Bank Nat'l Trust Co., et al.*, No. 23-ap-1059 (Bankr. E.D. Va.), Dkt. 81. Moreover, the failure to appeal the underlying bankruptcy order is fatal to the appeal in the adversary proceeding because of the overlap of issues. U.S. District Judge John A. Gibney, Jr. of this District has previously recognized that, in such circumstances, an appeal must be dismissed. *See MT Tech. Enter., LLC v. Nolte*, Civ. Action No. 3:15-cv-669, 2016 WL 234846, at *2 (E.D. Va. Jan. 19, 2016) (dismissing appeal where the appellant "appealed the Bankruptcy Court's judgment in the Adversary Proceedings, which held that Nolte's debt to MT based on the underlying state court judgment was dischargeable," but did not "appeal the order in the Bankruptcy Case disallowing MT's Proof of Claim"). Judge Gibney

---

[6] Even if the Court did not dismiss this matter for lack of subject matter jurisdiction, the appeal would still be dismissed pursuant to Rule 8003(a)(2).

[7] *See, e.g., In re Taylor*, No. 98 Civ. 9205, 1999 WL 777955, at *3-4 (S.D.N.Y. Sept. 30, 1999) (dismissing an appeal where the notice of appeal was only docketed in the adversary proceeding); *Byrd v. Branigan*, Civ. Action No. AW-06-0895, 2006 WL 4458702, at *5-6 (D. Md. Nov. 29, 2006) (dismissing appeal for lack of jurisdiction and holding that "an appellant must file a separate notice of appeal for each bankruptcy court's final order or judgment with which the appellant disagrees").

held that the entire appeal should be dismissed because the court could not provide the appellant effective relief where there was no appeal in the underlying bankruptcy proceeding. *See id.* ("Even if this Court reversed the Bankruptcy Court's decision regarding dischargability in the Adversary Proceeding, this Court cannot reverse the decision disallowing MT's claim, as MT did not present that order for review on appeal. Without the power to review the claim disallowance . . . this Court cannot 'grant any effectual relief whatever' to MT."). The same is true here. In the bankruptcy proceeding, in granting the motion to dismiss, the Bankruptcy Court held that "the mortgage is valid and that it stands" and "allowed the proof of claim." *In the Matter of Mohammad Nawaz Raja*, No. 23-10853 (Bankr. E.D. Va.) Dkt. 174 at 7:16-19. It was for that reason that the bankruptcy plan was not feasible and that the Bankruptcy Court dismissed the petition. *Id*. at Dkt. 174 at 9:1-8; *id*. at Dkt. 169. Thus, without the ability to challenge the findings in the bankruptcy proceeding any relief with respect to the adversary proceeding would be ineffectual.

In his opposition briefs, Appellant argues that he intended to appeal the dismissal of both the adversary proceeding and the bankruptcy proceeding. Clearly, however, Appellant did not appeal the dismissal of the bankruptcy proceeding because no notice of appeal has ever been filed in that case – even after Appellant had notice of the arguments made by Appellees here. Moreover, Appellant's argument is belied by the fact that he only submitted one filing fee. Appellant's failure to treat the underlying bankruptcy and the adversary proceedings separately is unfortunate, but the result is prejudicial to the parties here because it confuses the issues on appeal and has precluded parties – such as the Trustee – from participating in the appeal. Accordingly, the Court will also grant the motions to dismiss on the basis that Appellant failed to notice an appeal of the dismissal

of his bankruptcy proceeding which would render ineffective any relief on the timely appeal in the adversary proceeding.  *See MT Tech. Enter.*, 2016 WL 234846, at *2.[8]

IV.     CONCLUSION

In sum, because Appellant has failed to file a Notice of Appeal that conforms with the requirements of the Bankruptcy Rules or which provides appropriate notice, this Court lacks subject matter jurisdiction over the appeal.  Furthermore, even assuming that the Notice of Appeal properly preserved an appeal of the adversary proceeding, because Appellant failed to notice an appeal of the underlying bankruptcy proceedings and because the rulings in the bankruptcy proceeding preclude Appellant from obtaining effective relief, the Court lacks subject matter jurisdiction over the appeal for this secondary reason.

Accordingly, it is hereby ORDERED that the Motions to Dismiss (Dkt. Nos. 7, 11, 20, and 36) are GRANTED; and it is

FURTHER ORDERED that this appeal is DISMISSED; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes and to forward copies of the Memorandum Opinion and Order to counsel of record and to the *pro se* Appellant.

To appeal this decision, Appellant must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of the entry of this Memorandum Opinion and Order.  A

---

[8] With respect to the LOGS Appellees, Appellant asks that sanctions be imposed against the Appellees because the Appellees' motions to dismiss each mirror one another. Dkt. 41 at 2-3 (asserting that the "MTD is seemingly an exercise in ***copy***, ***paste***, and  ***re-arrange skills*** used to ***plagarize*** large sections of earlier responses filed previously by others" and seeking sanctions).  It is frequently the case that, where parties have the same arguments available to them, their arguments will rely on the same cases and authorities.  Here, although the motions to dismiss do substantially mirror one another, they are warranted by existing law (and are successful here) and therefore not sanctionable.

notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Appellant wants to appeal. Appellant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Appellant's right to appeal this decision.

    It is SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge